# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**RENAE KNOLL**,

                     Debtor.

Case No.  **15-60271-13**

# MEMORANDUM OF DECISION

At Butte in said District this 12th day of January, 2016.

In this Chapter 13 case this Court granted Nissan Motor Acceptance Company's ("Nissan") motion to modify stay on October 30, 2015, after the Chapter 13 filed a consent and the Debtor did not file a response within the 14 days notice period provided in Nissan's motion in accordance with Montana Local Bankruptcy Rule 9013-1(e) and Local Bankruptcy Form 8. The Debtor Renae Knoll ("Renae"), who is pro se, filed a motion to vacate the Order modifying stay on December 3, 2015, on the grounds that she was not given notice and that no basis existed to grant Nissan relief from the stay.  Nissan filed an objection and a hearing on this contested matter was held at Missoula on January 7, 2016.  Renae appeared by telephone and testified. Nissan was represented at the hearing by attorney Jon R. Binney of Missoula.  The Chapter 13 Standing Trustee Robert G. Drummond appeared.  No exhibits were admitted.  At the conclusion of the parties' cases-in-chief the Court heard statements from the parties and took the matter under advisement.  After review of the record and applicable law, although the Court sympathizes and wishes to grant equitable relief to the Debtor, the Court instead must deny her motion to vacate Order modifying the automatic stay because she failed to satisfy the legal

1

requirements for reconsideration.

This Court has exclusive jurisdiction of this bankruptcy case under 28 U.S.C. § 1334(a). Nissan's motion to modify stay and Debtor's motion to vacate the Order granting relief from the stay are core proceedings under 28 U.S.C. § 157(b)(2).

### FACTS

Few of the underlying facts are disputed.  Renae purchased a 2014 Nissan Altima and financed it through Nissan.  She testified that she enrolled on Nissan's website to make online monthly car payments and she made several of her payments online until her bankruptcy, after which Nissan refused to accept her online payments.

Renae filed a voluntary Chapter 7 petition pro se on April 7, 2015, and moved to convert her case to Chapter 13 on May 6, 2015, after the Office of U.S. Trustee moved to deny her a discharge because she had received a prior discharge within 8 years of the instant case.  She filed her Schedule B and J in Chapter 13 on May 21, 2015.  Her Schedule B lists her 2014 Nissan Altima with a current value of her interest in the sum of $16,300, subject to a secured claim of Nissan listed on Schedule D[1] in the amount of $19,456.

Debtor filed her Chapter 13 Plan on June 26, 2015, proposing to make monthly payments in the amount of $61.00 for 36 months.  Document No. 41.   At paragraph 2(b) the Plan states that the fair market value of Debtor's vehicle subject to Nissan's purchase money security interest ("PMSI") is less than the amount owed on the note, that she has no equity in the vehicle, and that "she plans to retain as [sic] continue making payments to the creditor outside of the plan."  Paragraph 2(c) lists Nissan as having a secured claim in the 2014 Nissan Altima which is

---

[1]Her Schedule D was filed in the Chapter 7 case on April 21, 2015 (Document No. 10).

unimpaired by Debtor's Plan.  Doc. 41.

The Chapter 13 Trustee filed a consent to confirmation.  No objections to confirmation were filed, and on August 17, 2015, based on the Trustee's consent the Court entered its Order confirming Debtor's Plan.

Renae testified that she continued trying to make her monthly payments to Nissan online. However, she testified that Nissan refused to accept her online payments and returned them because of her bankruptcy, with the result that she missed making four payments due on the note to Nissan.  Renae testified that she learned that Nissan would have accepted her monthly payments over the telephone, but not online, but that she did not learn about that until later.  She testified that her father passed away, she was distracted and she did not notice that her bank account statements stopped showing that she was making her card payments.  Renae testified that was her fault.

Nissan filed its motion to modify stay on October 12, 2015.  Nissan's motion (Doc. 64) states on page 2, paragraph 2(h) that the Debtor was in default of monthly payments which became due July 2015 and all subsequent payments, in the total amount of $1,241.87.  Nissan's motion is in conformity with Mont. LBR 4001-1(a) and Local Bankruptcy Form 8, and includes a notice to parties giving 14 days to file a responsive pleading and request a hearing, the failure of which "will be deemed an admission that the motion for relief should be granted without further notice or hearing."  The certificate of service states that Nissan's motion was served by mail to Renae Knoll at 62 Tamarack Ridge, Columbia Falls, MT 59912, which is her address of record.

The Debtor did not respond and request a hearing on Nissan's motion to modify stay within the 14-day notice period.  The Chapter 13 Trustee filed a consent on October 14, 2015.

3

On October 30, 2015, the Court entered its Order granting Nissan's motion and modified the stay so that Nissan could seek foreclosure and liquidation of its security interest in the 2014 Nissan Altima.  Pursuant to F.R.B.P. Rule 4001(a)(3), the Court's Order stated that the Order was effective immediately, not stayed for 14 days.

Debtor filed her motion to vacate order on December 3, 2015, with notice to Nissan of the opportunity to respond and request a hearing.  Debtor's motion contends that she was not notified of Nissan's motion to modify stay and that she was current on her plan payments and her monthly payments to Nissan so no basis existed for granting Nissan relief from the stay.  Nissan filed an objection and set the matter for hearing on January 7, 2016, in which Nissan contended that its motion to modify stay was served on the Debtor at her correct address.

At the hearing, Renae agreed that Nissan probably sent its motion to her at her address. However, she testified that her mail delivery is a "mess" and that she did not receive Nissan's motion until after the motion already had been granted.  She did not receive the Trustee's consent to Nissan's motion until sometime in November.

Renae testified that she still is in possession of the Nissan Altima, that it is fully insured, and that it is her only means of transportation for employment and for her children.  At the hearing she did not dispute that Nissan sent her notice of its motion.   In response to the Court's question whether she had the ability to cure her default to Nissan, Renae testified that she had the funds to cure the default, but that some expenses arose which she had to pay.  She proposes to cure the default to Nissan by modifying her confirmed Chapter 13 Plan to include Nissan's secured clam and the default.  The Chapter 13 Trustee advised the Court that the Debtor is current on her plan payments, and he saw no reason she could not modify her Plan.  Nissan's

4

counsel, however, opposed granting Debtor's motion to vacate the Order modifying the stay and argued that Nissan's motion was granted correctly.

## DISCUSSION

The Debtor is pro se in this Chapter 13 bankruptcy and she moves to vacate the Order which granted Nissan's motion to modify stay.  Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.  *Bernhardt v. L.A. Cty*, 339 F.3d 920, 925 (9th Cir. 2003); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  Because the Debtor is pro se, the Court construes her motion for relief liberally. However, Debtor's motion is in essence a motion for reconsideration of the Court's Order granting Nissan's motion to modify stay for cause.

Relief from stay proceedings are handled in a summary fashion.  The Ninth Circuit Bankruptcy Appellate Panel explained:

> Relief from stay proceedings such as the one brought by Wells Fargo are primarily procedural; they determine whether there are sufficient countervailing equities to release an individual creditor from the collective stay. One consequence of this broad inquiry is that a creditor's claim or security is not finally determined in the relief from stay proceeding. *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740–41 (9th Cir.1985) ( "Hearings on relief from stay are handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing."); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir.1994) ("We find that a hearing on a motion for relief from stay is merely a summary proceeding of limited effect...."); *First Fed. Bank v. Robbins (In re Robbins)*, 310 B.R. 626, 631 (9th Cir. BAP2004).

*Veal v. Amer. Home Mortg. Serving, Inc. (In re Veal)*, 450 B.R. 897, 914 (9th Cir. BAP 2011).

A party seeking relief need only establish that it has a colorable claim to enforce a right against property.  *Edwards v. Wells Fargo Bank, N.A. (In re Edwards)*, 454 B.R. 100, 105 (9th Cir. BAP 2011), citing *Veal*.  Nissan was required first to establish a prima facie case that cause

exists for relief under § 362(d)(1).  *United States v. Gould*, 401 B.R. 415, 426 (9th Cir. BAP

2009); *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996).

Once a prima facie case has been established, the burden shifts to the Debtor to show that relief

from the stay is not warranted.  *Id.*

      Nissan filed its motion to modify stay on the grounds that the Debtor defaulted in

monthly car payments.  The Chapter 13 Trustee filed a consent.  The Debtor did not timely file

an objection, and the Court entered its Order granting Nissan's motion based on the uncontested

allegations that the Debtor was in default under the note.  Debtor's confirmed Plan treated Nissan

as a creditor with an unimpaired secured claim which she was treating outside of the Plan.  Given

the Trustee's consent, and the uncontested allegations of Nissan's motion, this Court correctly

granted Nissan's motion to modify stay because Nissan established cause under § 362(d)(1).

      The Debtor moved for reconsideration.  "A motion for reconsideration should not be

granted, absent highly unusual circumstances, unless the district court is presented with newly

discovered evidence, committed clear error, or if there is an intervening change in the controlling

law."  *Marlyn Nutraceuticals, Inc. v. Mucos Parma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.

2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999));

*Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (Amendment under Fed. R.

Civ. P. 59(e)); *see also In re Teigen*, 11 Mont. B.R. 91-92 (Bankr. D. Mont. 1992); *In re Brazier

Forest Prods.*, 122 B.R. 119, 121-122 (D.W.D. Wash. 1989); *Hagerman v. Yukon Energy Corp.*,

839 F.2d 407 (8th Cir. 1988).

      The Debtors' motion to vacate Order granting Nissan's motion to modify stay does not

present newly discovered evidence which was not available to the Debtor earlier in this case,

does not show an intervening change in controlling law, and does not show highly unusual circumstances which warrant granting Debtor equitable relief.

The Court sympathizes with the Debtor for the loss of her father and her difficult circumstances, but difficult financial circumstances are not highly unusual in bankruptcy cases. The Debtor's motion alleges that she was not served with Nissan's motion and that she was not in default of monthly payments to Nissan.  However, at the hearing the Debtor agreed that Nissan probably sent its motion to her at her address as stated in the certificate of mailing included in Nissan's motion.  She also admitted that she missed several monthly payments after Nissan stopped accepting online payments and that it was her fault that she did not notice the failed payments in her bank statements, in part because she was distracted with her father's death.

Where notice of Nissan's motion was properly addressed, stamped, and mailed, a presumption arises that the Debtor received it.  *In re Longardner & Associates, Inc.*, 855 F.2d 455, 459-60 (7th Cir. 1988) (citing cases), *cert. denied*, 489 U.S. 1015 (1989).  Where the notice was not returned the presumption is strengthened and the Debtor's statement that she did not receive the notice is not sufficient to rebut the presumption.  *Id.*; *Southern Motors, Inc. v. Virginia Nat'l Bank*, 73 B.R. 261, 265 (W.D. Va. 1987), *affirmed* 829 F.2d 1120 (4th Cir. 1987); 1 Daniel R. Cowans, *Bankruptcy Law and Practice*, § 3.19(d), pp. 375-76 (1994).

While it may be true that Debtor's mail was delivered to the wrong address through no fault of her own, neither was it Nissan's fault if it was not delivered to the correct address.  The facts remain that the Debtor was in default in monthly payments due to Nissan outside of the Plan and that Nissan properly served her with its motion to modify stay.  When she failed to file a timely objection, with the Trustee's consent, the Court granted Nissan's motion and modified the

stay.

The Court's granting of Nissan's motion was pursuant to the local practice and procedure, and based upon Debtor's admission by failure to respond which is provided in its local rules. "Pro se litigants must follow the same rules of procedure that govern other litigants." *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).

There is evidence which weighs in favor of granting the Debtor equitable relief. The Debtor has full coverage insurance on the Nissan Altima and has need of it for transportation. However, such evidence is not sufficient to tip the scales in favor of granting her relief. It would be one thing if the Debtor had appeared at the hearing and tendered Nissan sufficient funds to cure her default. She did not. She stated that at one time she had funds to cure her default, but other expenses came up which she had to pay instead. Now, she proposes to pay Nissan by modifying her confirmed Plan to cure her default to Nissan in her Plan. The Trustee did not object to that proposal, but Nissan did not want the Court to grant such relief.

A decision to lift the automatic stay for cause under § 362(d) is within a bankruptcy court's broad discretion and subject to review for an abuse of discretion. *Groshong v. Sapp (In re Mila, Inc.)*, 423 B.R. 537, 542 (9th Cir. BAP 2010); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995). Because the Debtor failed to show that Nissan did not serve her with its motion properly and because she admitted at the hearing that she was in default to Nissan of monthly payments on its secured claim outside of the Plan, the Court finds and concludes that the Debtor failed to satisfy her burden for reconsideration of its Order modifying the stay, or that the Court abused its discretion when it

granted Nissan's motion to modify stay.

Granting relief from the automatic stay returns the parties to the legal position which they enjoyed prior to the imposition of the stay.  *In re Johnson*, 17 Mont. B.R. 318, 319 (Bankr. D. Mont. 1999); *Estate of B.J. McAdams v. Ralston Purina Co.*, 154 B.R. 809, 812 (N.D. Ga. 1993). Thus, while the Court had flexibility in determining whether to grant Nissan's motion, by granting its motion to modify the stay the Debtor retains whatever claims, defenses and remedies which she may have against Nissan in a nonbankruptcy forum.  She is free to approach Nissan and try to negotiate a cure of her default through modification of her Plan or other means.  The Court, however, cannot grant the Debtor relief from the Order granting Nissan's motion to modify stay based on the evidence in the record.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above sustaining Nissan's objection and denying Debtor's motion to vacate the Order modifying stay (Doc. 72).


Honorable Ralph B. Kirscher
Chief U.S. Bankruptcy Judge